# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA
# SECOND DIVISION

| | |
|---|---|
| Kelly Persons<br>311 N. Main St.<br>Janesville, MN 56048<br><br>　　　　Plaintiff,<br><br>v.<br><br>GC Services Limited Partnership<br>6330 Gulfton<br>Houston, TX 77081<br><br>　　　　Defendant. | CASE NO.:<br><br>JUDGE:<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, INVASION OF PRIVACY, AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper in this district because this is the judicial district where all of the events giving rise to the cause of action took place.

## FACTS COMMON TO ALL COUNTS

2. The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

8. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

9. In or around January 2008, Defendant telephoned Plaintiff's parent's residence on several occasions.

10. During at least one of the communications referenced above, Defendant told Plaintiff's mother that Plaintiff owed a debt and that Defendant was a debt collector.

11. On or around January 31, 2008, Defendant telephoned Plaintiff.

12. Throughout this communication, Defendant spoke to Plaintiff in an abusive and belligerent tone and yelled at Plaintiff on several occasions.

13. During this communication, Plaintiff requested Defendant's fax number at least five times, but Defendant refused to provide the fax number and stated that Defendant would not give the fax number because Defendant did not want Plaintiff to send a "cease and desist" letter.

14. During this communication, Defendant repeatedly told Plaintiff that Plaintiff was irresponsible.

15. During this communication, Defendant repeatedly belittled Plaintiff for trying to work with a debt consolidation company.

16. During this communication, Plaintiff told Defendant that Plaintiff was upset at the way she was being treated and would file a complaint with one of Defendant's supervisors.

17. During this communication, Defendant responded that Plaintiff thought she was a "big shot" and that Plaintiff should go ahead and file a complaint because it would not help her at all.

18. By the end of the communication, Plaintiff was in tears and extremely upset.

19. Defendant damaged Plaintiff emotionally and mentally and has caused substantial anxiety and stress.

20. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

21. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

22. The Defendant violated 15 U.S.C. §1692d in that defendant used obscene and/or abusive language during its communications in furtherance of debt collection.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

23. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

24. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and disclosed the existence, nature and/or amount of the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

25. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

26. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and failed to comply with 15 U.S.C. §1692b.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

27. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

28. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

## COUNT FIVE

### Invasion of Privacy by Intrusion upon Seclusion

29. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

30. Defendant intentionally interfered, physically or otherwise, with the solitude, seclusion, and or private concerns or affairs of the Plaintiff.

31. Defendant intentionally caused harm to the Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting a debt, as described herein.

32. Plaintiff has a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and or private concerns or affairs.

33. The intrusion by Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

34. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

## JURY DEMAND

35. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

36. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. Judgment, in an amount to be determined at trial, against Defendant for the Invasion of Privacy by Intrusion upon Seclusion.

    c. For such other legal and/or equitable relief as the Court deems appropriate.

       RESPECTFULLY SUBMITTED,

By: s/Kent Lindquist
 Kent Lindquist
 Bar Number 0203142
 Attorney for Plaintiff
 LEGAL HELPERS, P.C.
 7300 Hudson Blvd., Suite 255
 Oakdale, MN 55128
 Telephone:  866-339-1156
 Fax: 651-735-9285
 Email:  kjl@legalhelpers.com